**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| Nel Stratton, | : |
| | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| | : JUDGE: |
| | : |
| MS Services, LLC; | : MAGISTRATE JUDGE: |
| and DOES 1-10, inclusive, | : |
| | : |
| | : |
| Defendants. | : |
| | : |

**COMPLAINT**

For this Complaint, the Plaintiff, Nel Stratton, by undersigned counsel, states as follows:

**<u>JURISDICTION</u>**

1.      This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiff, Nel Stratton ("Plaintiff"), is an adult individual residing in Belle Chasse, Louisiana, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      The Defendant, MS Services, LLC ("MS"), is a Wyoming business entity with an address of 123 W. 1st Street, Suite 430, Casper, Wyoming 82601, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by MS and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      MS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Alleged Debt

8.      The Plaintiff's daughter allegedly incurred a financial obligation in an unknown amount (the "Debt") to an original creditor (the "Creditor").

9.      The alleged Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The alleged Debt was purchased, assigned or transferred to MS for collection, or MS was employed by the Creditor to collect the alleged Debt.

11.      The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.  MS Engages in Harassment and Abusive Tactics**

12.  Beginning on or about June 8, 2012, Defendants began placing calls to Plaintiff in an attempt to collect the Debt.

13.  The Debt is allegedly owed by Plaintiff's daughter. Plaintiff was not a co-signor for the Debt and is in no way responsible for the repayment of the Debt.

14.  During the initial telephone call, Plaintiff informed Defendants that Plaintiff's daughter passed away in 2007 and that Plaintiff was not responsible for the Debt.

15.  Defendants demanded that Plaintiff pay the Debt and advised that she was responsible for the Debt.

16.  Plaintiff further informed Defendants that she is 85 years old, lives with her son, and has no financial means to pay the Debt.

17.  Defendants used a loud and aggressive tone with Plaintiff in an effort to intimidate Plaintiff to pay, and told Plaintiff: "Oh yes, you will pay it [the Debt]."

18.  Defendants placed another call to Plaintiff on or about June 12, 2012, and again demanded that Plaintiff pay the Debt and repeatedly told Plaintiff she was responsible for the repayement.

19.  Plaintiff felt very intimidated and upset by Defendants' repeated demands that Plaintiff pay the alleged Debt.

**C.  Plaintiff Suffered Actual Damages**

20.  The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

22.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

23.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.     The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

25.     The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

26.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character and legal status of the Debt.

27.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

28.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

29.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30.     The Plaintiff is entitled to damages as a result of Defendants' violations.

4

## COUNT II
## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

31.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

33.     Louisiana further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Louisiana state law.

34.     The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls.

35.     The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) and Louisiana law requirements for an invasion of privacy.

36.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

37.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38.    The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully set forth herein at length.

39.    The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff

was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of

decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

40.    The foregoing conduct constitutes the tort of intentional infliction of emotional

distress under the laws of the State of Louisiana.

41.    All acts of the Defendants and the Collectors complained of herein were

committed with malice, intent, wantonness, and recklessness.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the

Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A)
    against the Defendants;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.
    § 1692k(a)(3) against the Defendants;

4.  Actual damages pursuant to La. Rev. Stat. Ann. §9-625;

5.  Actual damages from the Defendants for the all damages including emotional
    distress suffered as a result of the intentional, reckless, and/or negligent
    FDCPA violations and intentional, reckless, and/or negligent invasions of

6

privacy in an amount to be determined at trial for the Plaintiff;

6.   Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 28, 2012

Respectfully submitted,

By: ___/s/ Kenneth D. McLean_____
Kenneth D. McLean, Esq. (LSB No. 30190))
THE McLEAN LAW FIRM, LLC
P.O. Box 38161
Germantown, TN 38183-0161
Telephone: (901) 326-6888
Facsimile: (901) 531-8102
Attorneys for Plaintiff

Of Counsel To:
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424